UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

MILVIO DUARTE,

        Movant-Defendant.

No. 99 Cr. 192 (CSH)

MARCH 9, 2021

**MEMORANDUM AND ORDER**

**HAIGHT, Senior District Judge:**

    Defendant Milvio Duarte is presently confined in a federal prison, having been sentenced by this Court following his conviction on felony charges after a jury trial in 1999. The charges of conviction included violations of 18 U.S.C. § 924(c).

    Duarte's conviction and sentence were affirmed on direct appeal. *United States v. Duarte*, 14 F. App'x 46 (2d Cir. 2001). This Court denied Duarte's subsequent motion under 28 U.S.C. § 2255 for habeas corpus relief, 289 F. Supp. 2d 487 (S.D.N.Y. 2003), *aff'd*, 137 F. App'x 423 (2d Cir. 2005).

    Duarte's case comes before this Court again because the Second Circuit granted Duarte leave to file a successive § 2255 motion, this time challenging his § 924(c) conviction based on the Supreme Court's intervening decisions in *United States v. Davis,* 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), and *Johnson v. United States*, 576 U.S. 591 (2015). The Second Circuit transferred the case to this Court for further proceedings.

1

Duarte's Brief on his present motion contends that "[t]he commission of a predicate crime of violence is an element of a § 924(c) offense," and after the Supreme Court's decision in *Davis*, Duarte's conviction "remains valid only if it rests on a predicate offense that satisfies the surviving prong of the definition – the elements clause of § 924(c)(3)(A)." Doc. 62, at 10. In challenging Duarte's conviction on that ground, Duarte's Brief relies upon the Second Circuit's decision in *United States v. Scott*, 954 F.3d 74 (2d Cir. 2020), where a divided panel held that the underlying state charge of second-degree murder "does not qualify as a crime of violence because it can be committed though omission." *Id.* at 18.  Duarte's Brief added: "Although the Second Circuit has granted *en banc* rehearing in *Scott*, the panel's reasoning is sound and this Court should adopt it." *Id*.

Duarte's present motion under § 2255 [Doc. 61] was filed on September 14, 2020.  His supporting brief [Doc. 62] was filed on September 23.  Duarte is represented by the Federal Defenders of New York.  Presumably the United States Attorney for this District will respond for the government, but the docket entries in the case do not indicate that any government response to Duarte's motion has yet been filed, or that counsel for Duarte have commented on that silence.

However, during the interval, the case has been overtaken by events.  On March 2, 2021, the Second Circuit rendered its decision *en banc* in *Scott*,  2021 WL 786632.[1] Contrary to Duarte's confident prediction in the case at bar, the *Scott en banc* majority opinion vacated the panel decision, reversed the district court's grant of Scott's § 2255 motion, and remanded the case to the district court with directions to reinstate Scott's original sentence and judgment.  *Id.*, at *22.

---

[1] The full citation for this decision is *United States v. Scott*, No. 18-163-CR, __F.3d__ , 2021 WL 786632 (2d Cir. Mar. 2, 2021).

This Court's evaluation of Duarte's § 2255 motion must include a consideration of the Second Circuit's *en banc* decision in *Scott*. I also call counsel's attention to *Collier v. United States*, No. 17-2402, 2021 WL 771689 (2d Cir. Mar. 1, 2021), which the Second Circuit decided on March 1, 2021, and is of possible relevance to the issues presented by Duarte's case.

As noted, the briefing on Duarte's present § 2255 motion has not been completed. In the existing circumstances, the Court makes this Order:

1. On or before **April 23, 2021**, the government must file papers responding to Duarte's motion for relief under 28 U.S.C. § 2255.

2. The government's responsive papers must include a memorandum of authorities which discusses the effect, if any, of the Second Circuit's *en banc* decision in *Scott* upon the resolution of the case at bar, and the effect, if any, of the Second Circuit's decision in *Collier* upon this case.

3. On or before **May 7, 2021**, Duarte must file a further memorandum of authorities which discusses the effect, if any, of the Second Circuit's decisions in *Scott* and *Collier* upon Duarte's present motion, and replies, if so advised, to the government's submissions as directed by Paragraphs 1 and 2 of this Order.

If, following these submissions, the Court desires oral arguments, counsel will be advised by Chambers.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         March 9, 2021

                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge